# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FOXMOOR MOVIE THEATER, INC.,

    Plaintiff,

    v.

NOVESCOR, L.L.C., and RAM V. RAYASAM,

    Defendants.

CIVIL ACTION No. 3:07-CV-0195

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is the Motion (Doc. 21) of Defendants Novescor, L.L.C., and Ram V. Rayasam to dismiss Count I of Plaintiff's Complaint (Doc. 22-2), which alleges fraudulent inducement. Because the parol evidence rule in Pennsylvania bars introduction of extrinsic evidence when fraud in the inducement is alleged, Defendants' motion will be granted. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## **BACKGROUND**

This action, initially filed in the Southern District of New York, was transferred to this Court in January of 2007 (*see* Doc. 1-5.) In its Complaint, Plaintiff Foxmoor Movie Theater, Inc., (Foxmoor) alleged as follows: Defendant Novescor, L.L.C (Novescor) owns and operates the Foxmoor Village Shopping Center on Route 209 in East Stroudsburg, Pennsylvania, and Defendant Ram V. Rayasam is the Managing Member of Novescor. (Compl., Doc. 22-2 ¶¶ 8, 11.) Plaintiff Foxmoor owns and operates a movie theater and

arcade, known as Foxmoor Cinemas, in the shopping center.  (*Id.* ¶ 9.)  Foxmoor occupies the premises pursuant to a twenty (20) year lease between Novescor, as Landlord, and Screen Arts Corporation/Norman Adie ("Screen Arts"), as Tenant, which is dated February 11, 2006, was executed on behalf of Novescor by Defendant Rayasam, and was assigned to Foxmoor by Screen Arts on April 24, 2006. (*Id.* at ¶¶ 9-10, 12.) Plaintiff alleges further that Novescor agreed, by the terms of the lease, to maintain all common areas of the shopping center.  (*Id.* ¶¶ 13-14.)

Plaintiff Foxmoor alleges that Defendant Rayasam fraudulently induced Plaintiff to enter into the lease by making false representations to Norman Adie, the director and principal shareholder of Foxmoor, that Novescor would improve the condition of the shopping center by, among other things, improving signage, repaving roadways, making repairs, improving access and visibility to the shopping center, and aggressively seeking to fully occupy the shopping center with commercial tenants.  (*Id.* ¶¶ 15-17.)  Plaintiff alleges that it would never have entered the lease but for these representations and that Adie told Rayasam that the Defendants' commitment to make these improvements was a precondition to Plaintiff entering the lease; that Rayasam's statements were false and fraudulent and made with the intent to deceive and defraud Plaintiff and that Defendants have refused to abide by their representations; that Plaintiff believed these representations to be true and relied upon them, to Plaintiff's detriment, in entering the lease and investing approximately one million, fifty thousand dollars ($1,050,000.00) in the theater and arcade. (*Id.* at ¶¶ 18-25).

In Count I, based on the above allegations, Plaintiff seeks damages in the amount

of one million, fifty thousand dollars ($1,050,000.00).  (*Id.* ¶ 26; *see also id.* at 8.)  In Count II, based on the above allegations, Plaintiff, alleging that it has no adequate remedy at law, seeks recision of the lease and to be reimbursed for the cost of all improvements, rent and other payments it made to Defendant Novescor.  (*Id.* ¶¶ 32-33; *see also id.* at 8-9.)  In Count III, Plaintiff alleges that Novescor is in breach of its lease with Plaintiff because it has failed to take a number of actions, which Plaintiff lists, in order to maintain the common areas of the shopping center.  (*Id.* ¶ 36.)  This breach, Plaintiff alleges, has allowed the shopping center to fall into disrepair, causing Plaintiff to suffer damage to its business; Plaintiff therefore seeks to recover damages in the amount of two-hundred fifty thousand dollars ($250,000.00).  (*Id.* ¶¶ 37-38; *see also id.* at 9.)  In Count IV, Plaintiff alleges that Novescor is in breach of the lease because it has failed to maintain the roof of the premises that Plaintiff leases, causing Plaintiff to suffer water damage to its equipment and the cost of repairing the roof itself; Plaintiff therefore seeks damages in the amount of ninety-nine thousand dollars ($99,000).  (*Id.* ¶¶ 39-42; *see also id.* at 9.)  In Count V, Plaintiff alleges that Novescor is in breach of the lease because it failed to apply the monthly one-thousand, six-hundred, sixty-six dollar and sixty-six cent ($1,666.66) common area maintenance (CAM) fee it receives from Plaintiff for the fee's intended purpose.  (*Id.* ¶¶ 43-47).  Plaintiff alleges that it has no adequate remedy at law for this breach, and seeks a judgment mandating and compelling Novescor to maintain the common areas of the property as required by the lease.  (*Id.* ¶ 48; *see also id.* at 9.)  In Count VI, Plaintiff alleges that it has paid Novescor approximately twenty-five thousand dollars ($25,000), as of the date of its Complaint, in CAM charges,

and that Novescor has not used any part of this payment for its intended purpose.  (*Id.* ¶ 50.)  Plaintiff seeks an abatement of its rent in the amount of twenty-five thousand dollars ($25,000) for the common area maintenance services that Novescor failed to provide, as well as "costs and disbursements of this action" and "such other and further relief as the Court deems just and proper."  (*Id.* ¶ 51; *see also id.* at 9.)

Defendants moved to dismiss Plaintiff's claim for recission of the lease based on fraud in the inducement on the ground that Plaintiff cannot meet an essential element of a fraud claim: that Defendant Rayasam made a material misrepresentation of fact, and alternatively, on the ground that the parol evidence rule bars Plaintiff from introducing extrinsic evidence of communications between the parties prior to integration of the lease agreement.  (Defs.' Mem. in Supp. of Mot. to Dismiss, Doc. 22.)  Defendants' motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  As a result of the *Twombly* holding, Plaintiffs must now nudge their claims "across the line from conceivable to plausible" to

avoid dismissal.  *Id*.  The Supreme Court noted just two weeks later in *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam), that *Twombly* is not inconsistent with the language of Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' "  *Id*. (citing *Twombly*, 127 S.Ct. at 1959 (quoting *Conley*, 355 U.S. at 47)).

There has been some recent guidance from the Courts of Appeals about the apparently conflicting signals of *Twombly* and *Erickson.*  The Second Circuit Court of Appeals reasoned that "the [Supreme] Court is not requiring [in *Twombly*] a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."  *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).  Similarly, the Seventh Circuit Court of Appeals stated that "[t]aking *Erickson* and *Twombly* together, we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."  *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. Aug. 24, 2007).

Until further guidance, this Court will follow the guidance of the Second and Seventh Circuit Courts of Appeals, and apply a flexible "plausibility" standard, on a case-by-case basis, in those contexts in which it is deemed appropriate that the pleader be

5

obliged to amplify a claim with sufficient factual allegations.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether the plaintiff will ultimately prevail.  *See id.*  In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred.  *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**I. The Record Before the Court**

Along with their briefs, the parties have also filed additional documents: the Plaintiff has filed a copy of the lease agreement (Pl.'s Ex. A, Doc. 26-3.); Defendants filed the affidavit of Defendant Rayasam (Defs.' Ex. B, Doc. 22-2.); and also attached to Defendants' supporting brief is the affidavit of Norman Adie, given in support of Plaintiff. (Defs.' Ex. C, Doc. 22-2.). As a court deciding a motion to dismiss may consider undisputably authentic documents the parties submit, the lease agreement, which each party has submitted at some point in this litigation, will form part of the record for purposes of this motion to dismiss. The affidavits, however, are more appropriately considered as part of a motion for summary judgment, and I decline to consider them at this time.

**II. Parol Evidence Rule Bars Extrinsic Evidence of Fraudulent Inducement**

Plaintiff's allegation of fraud in the inducement is based on statements made between the contracting parties prior to the formation of their written agreement, evidence which is generally barred by the parol evidence rule. Recent cases in both Pennsylvania courts and federal courts applying Pennsylvania law have concluded that in fraud-in-the-inducement claims, unlike fraud-in-the-execution claims, an integration clause bars extrinsic evidence. *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 207 (Pa. 2007) ("[W]hen fraud in the execution is alleged, representations made prior to contract formation are not considered superseded and disclaimed by a fully integrated written agreement, *as they*

7

*are when fraud in the inducement is asserted.*") (emphasis added); *see also HCB Contractors v. Liberty Place Hotel Assocs.*, 652 A.2d 1278, 1279 (Pa. 1995) (holding that an integration clause barred plaintiff from arguing that he was fraudulently induced to sign waivers because plaintiff's 'claims relate[d] to subjects that were specifically addressed in the written contract.'").  In *Cherry St. P'ship v. Bell Atl. Properties, Inc.*, 653 A.2d 663 (Pa. Super. Ct. 1995), the court explained that while parol evidence may be admitted when fraud in the execution is alleged,

> [s]uch a case is to be distinguished from a "fraud in the inducement" case ... where the party proffering evidence of additional prior representations does not contend that the parties agreed that the additional representations would be in the written agreement, but rather claims that the representations were fraudulently made and that but for them, he or she never would have entered into the agreement. ... If the plaintiffs intended to rely on what they now contend was a centrally important representation conveyed by [defendant] in the course of the negotiations ..., then the plaintiffs should have insisted that the representation be set forth in their integrated written agreement.  They are now barred from eliciting parol evidence that they were fraudulently induced into entering the contracts.

*Id.* at 666, 670; *see also Blumenstock v. Gibson*, 881 A.2d 1029, 1036 (Pa. Super. Ct. 2002) ("The general rule is that where the alleged oral representations concern a subject which is specifically addressed in the written contract, and the written contract covers or purports to cover the entire agreement of the parties, mere allegations of falsity or fraud will not make parol evidence admissible.").  The District Court for the Eastern District of Pennsylvania has agreed that in Pennsylvania extrinsic evidence is barred in fraud-in-the-inducement claims, but noted that "this approach to the parol evidence rule is peculiar to Pennsylvania."  *Regent Nat'l Bank v. Dealers Choice Auto. Planning Inc.*, No. 96-7930, 1997 WL 786468, at *6 (E.D. Pa. Nov. 26, 1997).  Nonetheless, as it is the law of

8

Pennsylvania, the *Regent* court followed it, and this Court must as well.

The representations that Plaintiff alleges were made during contract negotiations are specific promises that Defendant would conduct certain maintenance. The contours of the parties' maintenance responsibilities is a subject specifically addressed in the Lease. This much the Plaintiff concedes. In fact, Plaintiff argues that the parol evidence rule does not apply here because the pre-integration representations it seeks to introduce do not contradict the terms of the Lease, but rather are "reflect[ed by] and comport with" the Lease. (*See* Pl.'s Br. in Opp'n, Doc. 26, at 4-5.) This argument, however, fails. First, to the extent that the alleged fraudulent representations about Defendant's maintenance duties differ from the duties it agreed to in the Lease, Plaintiff is in fact seeking to contradict the Lease's terms by the introduction oral statements made prior to integration, an attempt which falls squarely within the prohibitions of the parol evidence rule. Second, to the extent that the alleged prior representations are reflected in the Lease, Plaintiff's argument implicates the gist of the action doctrine, which "precludes plaintiffs from recasting ordinary breach of contract claims into tort claims," *Pa. Manufs. Ass'n Ins. Co. v. L.B. Smith*, 831 A.2d 1178, 1182 (Pa. Super. Ct. 2003), and only serves to demonstrate that a breach of contract claim, rather than a fraudulent inducement claim, is the appropriate vehicle for relief.

Because in this case, the lease did contain an integration clause (*see* Lease Agreement, Doc. 26-3 ¶ 33.4), Plaintiff is barred from introducing evidence of oral statements made prior to integration of the contract to support its claim of fraudulent inducement.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Count I of Plaintiff's Complaint will be granted.  As Defendants have not moved to dismiss the other Counts of Plaintiff's Complaint, those claims remain in the case.


 January 18, 2008                                              /s/ A. Richard Caputo
Date                                                                    A. Richard Caputo
                                                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

FOXMOOR MOVIE THEATER, INC.,

   Plaintiff

          v.

NOVESCOR, L.L.C., and RAM V. RAYASAM,

   Defendants.

CIVIL ACTION No. 3:07-CV-0195

(JUDGE CAPUTO)

**ORDER**

Now, this  18th  day of January, 2008, it is **HEREBY ORDERED** that Defendants' Motion to Dismiss Count I of Plaintiff's Complaint is **GRANTED**.

                        /s/ A. Richard Caputo
                        A. Richard Caputo
                        United States District Judge